# MEMORANDA

# CASES NOT REPORTED IN FULL.

In the Matter of the Application of the NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, Respondent, to Acquire a Crossing over the NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Amendments to articles of association — Chap. 135 of 1870 only applies to patent omissions — a change in the route of a railroad should be made under chap. 77 of 1876.*

APPEAL from an order made at a Special Term appointing commissioners to fix and adjust the crossing of the railroad of the New York, Lake Erie and Western Railroad Company, by that of the New York, Lackawanna and Western Railway Company, in the town of Chemung.

One ground of opposition, and the only ground argued by the appellants, was that the respondent the New York, Lackawanna and Western Railway Company had no right to construct its railroad in the county of Chemung. The facts bearing on this question are these: The respondent's articles of association, filed August 26, 1880, named several counties through which its road was to pass, but did not name the county of Chemung. On the 12th of February, 1881, a meeting of the directors was held at which all were present. A resolution was then passed reciting the filing of the articles of association, and reciting that it had since been found that part of the line ought to be located in Pennsylvania, to do which it was necessary to construct said railroad through the county of Chemung, and reciting that the articles of association were informal by reason of the omission to name the county of Chemung therein, and resolving that for the purpose of correcting the informality, supplying the

omissions and conforming with the laws, it was expedient to file
amended articles of association, and resolving that the articles be
amended as follows. Then followed the articles as amended, being
substantially like the original articles except that the county of
Chemung is mentioned. This resolution was passed by a unani-
mous vote.

Another resolution was passed unanimously, viz., that the directors
make and file the amended certificate of incorporation ; and another
that the directors and stockholders make and file an instrument
approving the amendments. This they accordingly did.

The court at General Term said : " The appellant insists that
this action did not authorize the building of the line in Chemung
county. The respondent insists that, followed by the filing of a
map, etc., it did.

It seems very probable, as the appellant urges, that the respondents
did not understand the statute under which they should have acted.
They evidently acted under chapter 135, Laws of 1870, which
authorizes the filing of an amended certificate in the case of the
omission of any matter required to be therein stated. Probably,
though we need not decide the point, that statute is to enable com-
panies to remedy *patent* omissions, that is, the omission of things
which are required to be stated, and which being omitted make the
certificate imperfect on its face.

The present is, as it appears, a case where the company desired
to change their route. It was hardly the case of an omission of
anything from their articles, but it was a case where subsequent
investigation made a change seem desirable. That is provided for
by chapter 77, Laws of 1876, amending section 23 of the railroad
act (ch. 140 of 1850), by which two-thirds of the directors are
authorized to change the route to a county adjoining a county
named in the articles.

But certainly the language of such a vote need not be formal, so
long as the vote expresses the decision of the directors to change
the route. In the present case the resolution, while it includes
much that was unnecessary under chapter 77 aforesaid, contains
enough to show that the route was to be changed to Chemung
county, for within the resolution are embraced the so-called amended
articles, and these contain a statement that the road is to run through

the county of Chemung. We think therefore that the resolution of February 12, 1881, was practically a vote of the directors locating the route in the county of Chemung.

After the passage of this resolution a survey and map certified were filed in the county of Chemung.

*R. T. Turner*, for the New York, Lackawana and Western Railroad Company.

*D. S. Robinson*, for the New York, Lake Erie and Western Railroad Company.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and printing disbursements.